People v Watts (2025 NY Slip Op 00407)

People v Watts

2025 NY Slip Op 00407

Decided on January 28, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 28, 2025

Before: Webber, J.P., Friedman, Scarpulla, Rosado, O'Neill Levy, JJ. 

Ind. No. 71641/22 Appeal No. 3578-3579 Case No. 2023-00749, 2024-00190 

[*1]The People of the State of New York, Respondent,
v
Kendall Watts, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Elliott R. Hamilton of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Guy H. Mitchell, J.), rendered January 13, 2023, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to a jail term of 364 days; and judgment of resentence, same court and Justice, rendered December 8, 2023, sentencing defendant to the same term but running the sentence concurrently with a sentence imposed under a Kings County indictment, unanimously affirmed.
Defendant's waiver of his right to appeal was not knowing, intelligent, and voluntary. The court failed to provide an explanation of the "nature of the waiver, the rights the defendant would be waiving, or that the right to appeal was separate and distinct from the rights automatically forfeited upon a plea of guilty" (People v Ramos, 122 AD3d 462, 464 [1st Dept 2014]). Counsel's representations that defendant understood the written waiver were insufficient to satisfy the court's obligation to explain the waiver to defendant or to clarify that the waiver was separate and distinct from his guilty plea (see People v Oquendo, 105 AD3d 447, 448 [1st Dept 2013], lv denied 21 NY3d 1007 [2013]).
Defendant lacks standing to raise his Second Amendment claims because he did not apply for a gun license (see People v Johnson, 225 AD3d 453, 455 [1st Dept 2024], lv granted 42 NY3d 939 [2024]). On the merits, he fails to establish that his conviction is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) (see People v Johnson, 225 AD3d at 455).
To the extent that defendant challenges other requirements listed in Penal Law § 400.00(1), such as the "good moral character" provision in section 400.00(1)(b), his arguments are unpreserved because he failed to raise them in his motion to dismiss the indictment (see People v Cabrera, 41 NY3d 35, 42 [2023]), and we decline to review them in the interest of justice. As an alternative holding, we find them unavailing.
Defendant also failed to preserve any challenge to the constitutionality of the indictment based on the charge of Penal Law § 265.02(8), which prohibits the possession of large capacity ammunition feeding devices (see People v Archibald, 225 AD3d 548, 549 [1st Dept 2024], lv denied 41 NY3d 1016 [2024]), and we decline to review it in the interest of justice. In any event, this challenge is moot because defendant was not convicted of that count (see id.; People v Ruiz, 146 AD3d 417, 417 [1st Dept 2017], lv denied 28 NY3d 1188 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2025